

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS-
ATTORNEY GENERAL

Honorable Joe C. Gladney
Criminal District Attorney
Rusk County
Henderson, Texas

Dear Sir:

Attention: Mr. O'Neal Morris,
Assistant

Opinion No. 0-5893
Re: Salary of County Attorney
of Rusk County, Texas, and
related questions.

Your letter of February 24, 1944, requesting the opinion of this department on the questions stated therein is, in part, as follows:

"In compliance with your statement over the telephone this morning I am hereby requesting an opinion from the Attorney General's Office relative to the present status of the Office of Criminal District of Rusk County. In view of the fact that this office appears to be bound by the decision rendered by our Supreme Court against Hill County Tuesday of this week it is important that we have a ruling on the following questions:

"I. Does the person who was serving as Criminal District Attorney automatically become County Attorney?

"II. What is his salary, and if set by the Commissioners Court between what limits?

"III. How many assistants are now permitted and what may their salaries be?

Honorable Joe C. Gladney, page 2

"The assessed valuation of the county is
slightly less than $90,000,000.00; and the latest
Federal Census gives the county about 51,000 popu-
lation."

In the case of Hill County, Texas, petitioner, v.
Geo. H. Sheppard, Comptroller, respondent (not yet reported)
the Supreme Court held Article 326q, Vernon's Annotated Civil
Statutes, invalid.   Article 326q was originally enacted by
the 42nd Legislature, Regular Session, 1931, as Senate Bill
No. 220, Chapter 354, Page 844, General Laws of Texas.   The
original Act was applicable to counties in this State having
a population of not less than 33,500 and not more than 75,000
inhabitants and not containing a city of more than 50,000 in-
habitants as determined by the last preceding Federal Census
and each succeeding Federal Census thereafter, and in which
counties there were one or more Judicial Districts.   The 42nd
Legislature at the First Called Session, 1931, amended Section 1
of Senate Bill 220, supra, so as to make said Act applicable to
counties having a population of not less than 32,000 and not more
than 75,000 inhabitants and not containing a city of more than
50,000 inhabitants as determined by the last preceding Federal
Census, and each succeeding Federal Census thereafter.   (The
amendment to said Section 1 heretofore mentioned is S. B. No. 40,
Ch. 18, p. 30, 42nd Leg., First C. S.)

Vernon's Annotated Civil Statutes do not contain
the amendment to Section 1 heretofore mentioned, however, we must
assume that the Supreme Court knew of said amendment and considered
the Statute as amended in the case of Hill County v. Geo. H. Shep-
pard, supra.   Therefore, Article 326q, supra, as amended, is in-
valid under the holding of the Supreme Court in the said case
of Hill County v. Geo. H. Sheppard, supra.

Since Article 326q has been held invalid by the Supreme
Court, it necessarily follows that the office purportedly created
"Criminal District Attorney," does not exist in those counties
coming within the provisions of said article.   We do not think
that it can be said that where a person runs for and is elected
to the office of "Criminal District Attorney" under the provisions
of Article 326q, that such person is now the County Attorney after
said statute has been held invalid.   Therefore, we respectfully
answer your first question, as stated above, in the negative.

Honorable Joe C. Gladney, page 3

In view of the foregoing, and our Opinion No. O-3158, it is our opinion that Mr. Gladney is now a de facto county attorney. It is our further opinion that the legal title to the county attorney's office could only be acquired in one of two ways: by election, or by appointment to that office. Mr. Gladney has neither been elected nor appointed to the office of County Attorney, so he never had legal title to the county attorney's office. It should be borne in mind that the de facto officer must surrender possession of his office as soon as a person is duly elected or appointed to the office and has qualified as provided by law. Equity will not lend him its aid to restrain a duly appointed person from entering upon the discharge of the duties of the office, nor will it restrain the payment of the salary to him. (See Uhr v. Brown, 191 S. W. 379, and Tex. Jur., Vol. 34, p. 628)

Rusk County had a population 32,484 inhabitants according to the 1930 Federal Census and said county has a population of 51,023 inhabitants according to the 1940 Federal Census. As Rusk County had a population of 32,484 inhabitants according to the 1930 Federal Census, under the applicable provisions of Article 3883 and Article 3891 the maximum compensation of the County Attorney of Rusk County cannot exceed $3500 per year. In view of the foregoing statutes and Section 13 of Article 3912e, Vernon's Annotated Civil Statutes, the County Attorney of Rusk County who performs the duties of District Attorney must be paid in money an annual salary in twelve equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935 and not more than the maximum allowed such officer under laws existing on August 24, 1935. As heretofore stated, the maximum salary of the County Attorney of Rusk County, under Articles 3883 and 3891 is $3500 per year, however, under the provisions of Section 13 of Article 3912e the maximum amount allowed the County Attorney as salary, may be increased one per cent for each one million dollars valuation or fractional part thereof in excess of twenty million dollars valuation over and above the maximum allowed such officer under laws existing on August 24, 1935. (See the cases of Nacogdoches County v. Jenkins, 140 S. W. (2d) 901, and Nacogdoches County v. Winder, 140 S. W. (2d) 972)

Honorable Joe C. Gladney, page 4

We now consider your third question. Article 331, Vernon's Annotated Civil Statutes, provides, in effect, that county attorneys, by consent of the commissioners' court, shall have power to appoint in writing one or more assistants, not to exceed three, for their respective counties, who shall have the same powers, authority and qualifications as their principals, at whose will they shall hold office. Article 331, was enacted in 1891, and applied only to the appointment of assistant county attorneys. Article 3902, Vernon's Annotated Civil Statutes, as amended, is a later statute, reg.rding the appointment of deputies, assistants or clerks by district county or precinct officers. Articles 331 and 3902 must be considered and construed together. In view of these statutes, it is our opinion, that assistants of the County Attorney of Rusk County must be appointed in compliance with said statutes. Considering the two statutes together, it is our opinion that it is within the discretion of the commissioners' court to determine the number of assistants to be appointed, as in the discretion of said court may be proper. Stated another way, that portion of Article 331 limiting the number of assistants that may be appointed is no longer applicable, however, the other portions of Article 331 are applicable and the assistants must comply with the provisions of said statute. Section 2 of Article 3902 is applicable to Rusk County and will govern the compensation to be paid the assistant county attorney. The compensation of the first assistant county attorney cannot exceed $2,000 per annum and the compensation of other assistants of the county attorney cannot exceed $1,700 per annum each. The compensation of said assistants to be fixed by the commissioners' court in compliance with Section 2 of Article 3902.

We have carefully considered your letter of March 1, 1944, supplementing your letter of February 24, 1944, which is quoted in part above. After carefully considering Article 326n, Vernon's Annotated Civil Statutes, cited in your letter of March 1, we are of the opinion that said statute has no application whatsoever to the questions under consideration.

We have also carefully considered the various Acts creating the different District Courts in Rusk County, and it is our opinion that these Acts do not affect our answers to your questions as heretofore stated. Article V, Section 21 of the State Constitution, among other things, provides, in effect, that the Legislature may provide for the election of district attorneys in said districts as may be deemed necessary and make provision for the compensation of said district attorneys. After carefully reviewing Article 322, Vernon's Annotated Civil Statutes, it is noted that said statute does not authorize the election of a district attorney for any of the Judicial Districts of Rusk County. Therefore, there is no statutory authority authorizing the election of a district attorney for said county or the Judicial Districts thereof.

You state in your letter of March 1st that you are anxious to know what office exists in Rusk county at this time, that is, if it is County Attorney, Criminal District Attorney or District Attorney.   In view of the foregoing, you are respectfully advised that it is our opinion that the constitutional office of County Attorney exists in Rusk County at this time, and that the office of Criminal District Attorney or District Attorney does not exist.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:EP



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN